Filed 1/28/26  P. v. Santoyo CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SALVADOR SANTOYO,<br><br>    Defendant and Appellant. | B343999<br><br>(Los Angeles County<br>Super. Ct. No. BA513482) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Drew E. Edwards, Judge.  Affirmed.

Law Offices of Visco & Selyem, Joshua P. Visco, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On August 29, 2023, the Los Angeles County District Attorney filed an information charging defendant Salvador Santoyo with making criminal threats in violation of Penal Code section 422, subdivision (a) and attempted robbery in violation of sections 664 and 211.

On April 19, 2024, defendant stated that he "would like to change my public defender." The trial court cleared the courtroom of everyone except defendant and his counsel and then discussed defendant's request with them. Once the District Attorney returned to the courtroom, the court advised the parties that counsel would remain as counsel of record.

At trial, the victim, Jose Martinez Cartagena, testified to the following facts. On February 19, 2023, Martinez was working the closing shift at the Mi Carnal store. As he was preparing to close the store, defendant came up from behind and yelled at him. When Martinez turned around, defendant "made a gesture as if to take out a knife" and demanded his phone, but Martinez refused. Defendant became angry, cursed at Martinez, and, as he was returning to his car, threw a large "can of Gatorade" toward Martinez.

Defendant then got in his car, reversed, lowered the window, and continued to yell threats at Martinez. Defendant told Martinez he "had a gun," "was from a gang," "had friends," and was going "to . . . kill [him]." Martinez believed what defendant was saying and was afraid.

On August 1, 2024, the jury found defendant guilty of making criminal threats but found him not guilty of attempted robbery.

On January 16, 2025, the trial court sentenced defendant to a middle term of two years.

On February 11, 2025, defendant timely filed a notice of appeal.

We appointed counsel to represent defendant on appeal. On October 23, 2025, counsel filed an opening brief which did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). That same day, we sent notice to defendant that his counsel had filed an opening brief which did not raise any issues and that he had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished us to consider. We also directed counsel to send the record of this appeal and a copy of counsel's opening brief to defendant immediately. Defendant did not file a supplemental brief.

We have reviewed the record and are satisfied that defendant's appointed counsel has fully complied with his responsibilities and no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment of conviction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

BAKER, J.